UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHNNY DANIELS, et al., individually and on behalf of others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 4:10 CV 1954 DDN ) |
| GREENKOTE IPC, INC. and GREENKOTE PLC, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This action is before the court on cross motions for summary judgment and on the motion of defendants to strike plaintiffs' demand for a jury trial. (Docs. 86, 88, 90.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 20.)

**I.  BACKGROUND**

Plaintiffs Johnny Daniels, Cynthia Hudson, William Johnson, Melvin McCombs, Robyn Patrick, Deborah Senter, and Donna Smalley commenced this action on behalf of themselves and other similarly situated former employees of defendants, against their former employers, defendants Greenkote IPC, Inc. and Greenkote Plc (collectively "defendants" or individually "IPC" or "PLC"). (Doc. 1.) Plaintiffs amended their complaint, adding Pierre Reed, William Smith, and Bernard Steward as plaintiffs. (Doc. 35.)

In their amended complaint, plaintiffs alleged that defendants violated their rights under the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §§ 2101-09, by failing to give them at least 60-days notice prior to terminating their employment and by otherwise failing to pay them wages and benefits owed during this period. (Doc. 35 at ¶¶ 1, 53-59.) Plaintiffs seek to recover:

(a)     their wages, salary, commissions, bonuses, and accrued pay for vacation and personal days for the work days in the 60 calendar days prior to their respective terminations;

(b)     pensions, 401(k) contributions, health and medical insurance, and other fringe benefits for the 60 calendar days prior to their respective terminations;

(c)     medical expenses incurred during the 60 calendar days prior to their respective terminations that would have been covered and paid under defendants' health insurance plans had coverage under the plan continued during this periods;

(d)     reasonable attorneys' fees;

(e)     the costs incurred in commencing this action; and

(f)        interest.

(Id. at 11-12.)

## II.  MOTIONS FOR SUMMARY JUDGMENT

**Defendants' motion**

In support of their motion, defendants argue that plaintiffs have failed to establish a prima facie case of a WARN Act violation. They argue that they are entitled to summary judgment based on the faltering company exception, the unforeseen business circumstances exception, and the good faith exception. Defendants further argue that PLC is entitled to summary judgment because it is not an "employer" under the WARN Act. (Docs. 88, 89.)

Plaintiffs respond that the undisputed facts establish a WARN Act violation. Plaintiffs contend that none of the exceptions are applicable, and that defendants operated as a "single employer" under the WARN Act. (Doc. 104.)

Defendants reply that plaintiffs have not proven that either defendant is an "employer" or that a "plant closing" occurred under the WARN Act. They argue that each of the exceptions applies, and that they were not a "single employer" under the WARN Act, thus entitling PLC to summary judgment. (Doc. 109.)

**Plaintiffs' motion**

In their motion for summary judgment, plaintiffs argue that they have established a WARN Act violation based on the occurrence of a "plant closing," and that defendants acted as a "single employer." They argue that defendants are not entitled to protection from any WARN Act defenses, specifically, the unforeseen business circumstances defense or the faltering company defense. (Docs. 90, 91.)

Defendants respond that plaintiffs have established that either defendant is an "employer" or that a "plant closing" occurred under the WARN Act. Defendants also argue that the unforeseen business circumstances exception, the faltering company exception, and the good faith exception shield it from liability. Defendants further argue that they were not a "single employer" under the WARN Act, thus making PLC entitled to summary judgment. (Doc. 101, 107.)

Plaintiffs reply that IPC is an "employer," that a "plant closing" occurred, and that defendants were a "single employer" under the WARN Act. Plaintiffs also reply that defendants are not entitled to protection of any WARN Act exceptions. (Doc. 111.)

Summary judgment must be granted when the pleadings and proffer of evidence demonstrate that no genuine issue of material fact exist and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex v. Catrett, 477 U.S. 317, 322 (1986); Ashanti v. City of Golden Valley, 666 F.3d 1148, 1150 (8th Cir. 2012). The court must view the evidence in the light most favorable to the nonmoving party and accord it the benefit of all reasonable inferences. Ashanti, 666 F.3d at 1150. A fact is "material" if it could affect the ultimate disposition of the case, and a factual dispute is "genuine" if there is substantial evidence to support a reasonable jury verdict in favor

of the nonmoving party. Die-Cutting Diversified, Inc. v. United Nat'l Ins. Co., 353 F. Supp. 2d 1053, 1054-55 (E.D. Mo. 2004).

Initially, the moving party must demonstrate the absence of an issue for trial. Celotex, 477 U.S. at 323. Once a motion is properly made and supported, the nonmoving party may not rest upon the allegations in its pleadings or general denials of the movant's assertions, but must instead proffer admissible evidence that demonstrates a genuine issue of material fact. Fed. R. Civ. P. 56(e); Howard v. Columbia Pub. Sch. Dist., 363 F.3d 797, 800 (8th Cir. 2004); Krein v. DBA Corp., 327 F.3d 723, 726 (8th Cir. 2003); Essex Ins. Co. v. Stone, No. 1:09 CV 1 SNLJ, 2010 WL 330328, at *2 (E.D. Mo. Jan. 21, 2010).

The parties dispute (a) whether plaintiffs have established a prima facie case of a WARN Act violation; (b) the applicability of the unforeseen business circumstances exception, (c) the applicability of the faltering company exception; (d) the applicability of the good faith exception; and (e) whether IPC and PLC were a "single employer" within the meaning of the Warn Act.

**Prima facie case**

"In the wake of numerous plant closings and mergers in the 1970s and 1980s, Congress passed the WARN Act." Pearson v. Component Tech. Corp., 247 F.3d 471, 482 (3d Cir. 2001). The purpose of the WARN Act was to provide:

> protection to workers, their families and communities by requiring employers to provide notification 60 calendar days in advance of plant closings and mass layoffs. Advance notice provides workers and their families some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market.

20 C.F.R. § 639.1(a). Accordingly, the WARN Act states:

> An employer shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order . . . to each representative of the affected employees as of the time of the notice or, if there is no such representative at that time, to each affected employee . . . .

29 U.S.C. § 2102(a)(1). The WARN Act defines an "employer" as "any business enterprise that employs . . . 100 or more employees, excluding part-time employees; or 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of hours of overtime)." 29 U.S.C. § 2101(a).

The WARN Act defines a "plant closing" as:

> the permanent or temporary shutdown of a single site of employment, or one or more facilities or operating units within a single site of employment, if the shutdown results in an employment loss at the single site of employment during any 30-day period for 50 or more employees excluding any part-time employees . . . .

29 U.S.C. § 2101(a)(2).

The statute contains an aggregation provision:

(d) Determinations with respect to employment loss

> For purposes of this section, in determining whether a plant closing or mass layoff has occurred or will occur, employment losses for 2 or more groups at a single site of employment, each of which is less than the minimum number of employees specified in section 2101(a)(2) or (3) of this title but which in the aggregate exceeded that minimum number, and which occur within any 90-day period shall be considered to be a plant closing or mass layoff unless the employer demonstrates that the employment losses are the result of separate and distinct actions and causes and are not an attempt by the employer to evade the requirements of this chapter.

29 U.S.C. § 2102(d).

**Exceptions to liability**

"Though the nearly two-month notice period mandated by the [WARN] Act goes far to attain [the WARN Act's] laudable goals, Congress recognized, through the enactment of various exceptions in the statute, that supplying generous advance notice would not be possible, or desirable, in all cases." Loehrer v. McDonnell Douglas Corp., 98 F.3d 1056, 1060 (8th Cir. 1996). Defendants argue they are entitled to the benefit of unforseen business circumstances, the fact that their enterprise was faltering, and the good faith belief that giving the required notice would have precluded the employer from obtaining necessary capital to remain in business. 29 U.S.C. § 2101(b). Defendants rely on a March 13, 2012 declaration and April 10, 2012 supplemental declaration of Jim Thomson. See (Docs. 89-1, 101-1.)

Plaintiffs argue that the declarations are inadmissible and should not be considered. They argue that the declarations contradict Thomson's prior testimony, answers to interrogatories, and documents that he authored. Plaintiffs also argue that the declarations contain general, hearsay statements, unsupported by actual declarants' names or other specific information. Plaintiffs further argue that the declarations are new evidence previously requested by plaintiffs but that defendants denied existed and failed to disclose during discovery. (Doc. 111 at 2-4.)

The Eighth Circuit has stated that an affidavit made by a witness who previously gave contradictory information in sworn testimony runs afoul of Rule 56's purpose to screen out "sham issues of fact." City of St. Joseph, Mo. v. Southwestern Bell Telephone, 439 F.3d 468, 475-76 (8th Cir. 2006)(quoting Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361, 1365 (8th Cir. 1983). The court must give very careful consideration to this issue, and not strike an affidavit when it states the affiant was confused in an earlier deposition, or when the affiant needed to explain assertedly unclear portions of the earlier deposition, or when the affidavit actually doe not contradict earlier testimony. Id. at 476. See also, United Mine Workers of America v. American Commercial Lines Transp. Services, L.L.C., 2010 WL 3721544 at *2 (E.D. Mo. 2010).

In City of St. Joseph, Mo., the Eighth Circuit Court affirmed the district court's striking an affidavit because (1) in several respects, the deposition testimony was that something might happen and the affidavit stated that the fact was definite; (2) the affidavit never stated the affiant was confused in earlier statements; and (3) the affidavit appeared to be a "last-minute effort to create a genuine issue of material fact to prevent the entry of summary judgment." Id.

In this case, plaintiffs argue that the Thomson declarations should be considered on these motions for summary judgment, because (1) they contain instances of self-serving statements that contradict his prior testimony, that contradict his prior answers to interrogatories, and that contradict statements he made in documents he authored; (2) they contain general statements of hearsay asserted as facts; and (3) they contain new information previously requested by plaintiffs but not produced until needed to support defendants on these motions for summary judgment.

The court agrees that many of the statements Mr. Thomson made in his documentary declarations are not sufficiently definite in their descriptions of statements made by others and state his subjective state of mind at various times. (E.g., Doc. 89-1 at ¶¶ 16, 18, 19, 23.) For these reasons, the court concludes that his declarations are not properly considered either to support defendants' motion for summary judgment or to defend against the plaintiffs' motion.

Having thus determined that Mr. Thomson's declarations are not properly considered on the pending motions, and after a careful consideration of the record of the pending motions, the court concludes that there are genuine issues of material fact that need to be tried as to both motions for summary judgment. The motions for summary judgment are denied.

### III.  MOTION TO STRIKE DEMAND FOR JURY TRIAL

Plaintiffs have demanded a trial by jury. The defendants argue there is no entitlement to a jury trial. The court has carefully considered the arguments of the parties, especially their invocations of two opinions of district courts in the Eighth Circuit, Loehrer v. McDonnell Douglas Corp., 1992 U.S. Dist. LEXIS 22555 (E.D. Mo. 1992), and Bentley v. Arlee Home Fashions, Inc., 861 F.Supp. 65 (E.D. Ark. 1994). Of the two opinions, the court believes the opinion of District Judge Edward L. Filippine of this District Court states the better reasoning why the relief afforded by the WARN Act is equitable in nature. This is especially true, where the court has discretion under the statute to reduce damages for violating the Act upon finding that the employer acted in good faith and had reasonable grounds for believing the act or omission was not a violation of the Act. 29 U.S.C. § 2104(a)(4). Therefore, plaintiffs' demand for a jury trial is stricken.

### IV.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of defendants Greenkote IPC, Inc., and Greenkote Plc for summary judgment (Doc. 88) is denied.

**IT IS FURTHER ORDERED** that the motion of plaintiffs Johnny Daniels, et al., for summary judgment (Doc. 90) is denied.

**IT IS FURTHER ORDERED** that the motion of defendants Greenkote IPC, Inc., and Greenkote Plc to strike plaintiffs' demand for a jury trial (Doc. 86) is sustained. The action will be tried to the court sitting without a jury.

**IT IS FURTHER ORDERED** that a scheduling conference with counsel for all parties is set for **Friday, December 14, 2012 at 10:00 a.m.** in the courtroom of the undersigned.


　　　　　　　　　　　　　　　　　　　　　　　　　　　　／S／   David D. Noce
　　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**


**Signed on November 30, 2012.**