**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

JOHNNY DANIELS, CYNTHIA          )
HUDSON, WILLIAM JOHNSON,         )
MELVIN MCCOMBS, ROBYN PATRICK,)
PIERRE REED, DEBORAH SENTER,     )
DONNA SMALLEY, WILLIAM SMITH,  )
and BERNARD STEWART,             )
On behalf of themselves and a class of )
similarly situated former employees of )
defendants,                      )
                                 )
        Plaintiffs,              )
                                 )
    v.                           )          No. 4:10 CV 1954 DDN
                                 )
GREENKOTE IPC, INC. and,         )
GREENKOTE, PLC,                  )
                                 )
        Defendants.              )

**MEMORANDUM**

On May 2, 2013, the court, pursuant to Federal Rule of Civil Procedure 23(e)(2), held a final fairness hearing for the final consideration of the proposed class action settlement that the named parties preliminarily entered.  After due consideration, the court finds that the settlement proposed by the parties through a joint motion is fair, reasonable, and adequate.

**I. BACKGROUND**

On October 18, 2010, plaintiffs Johnny Daniels, Cynthia Hudson, William Johnson, Melvin McCombs, Robyn Patrick, Deborah Senter, and Donna Smalley commenced this action on behalf of themselves and other similarly situated former employees of defendants Greenkote IPC, Inc. and Greenkote Plc.  On April 18, 2011, plaintiffs filed an amended complaint that also named Pierre Reed, William Smith, and

Bernard Steward as plaintiffs in this action.  In the amended complaint, plaintiffs alleged that defendants violated their rights under the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §§ 2101-09, by failing to give them notice at least 60 days prior to terminating their employment and by failing to pay them wages and benefits owed during this period.  (Doc. 35 at ¶¶ 1, 53-59.)

On October 28, 2011, the court sustained plaintiffs' motion for class certification. The class is identified as "All persons employed at the Greenkote IPC, Inc. facility located at 4001 Gratiot Street, St. Louis, Missouri, who were affected employees and were subjected to an employment loss as a result of Defendants' alleged violations of the WARN Act."  (Doc. 54.)

Thereafter, the class and the defendants filed motions for summary judgment, which the court denied on November 30, 2012.  (Doc. 115.)

On February 8, 2013, the parties filed a joint motion (with supplementation) for preliminary approval of a settlement, for approval of a proposed class notice, for a fairness hearing setting, and for final approval of the proposed settlement.  (Docs. 119, 122.)  On February 28, 2013, the court granted preliminary approval and scheduled a Fed. R. Civ. P. 23(e)(2) fairness hearing for May 2, 2013.

On May 2, 2013, the fairness hearing was held.  Plaintiffs' class counsel indicated that he successfully notified all class members except for fourteen class members who were no longer present at their last known addresses.  However, plaintiffs' counsel further indicated that following further investigation he believed he found six of those class members' current addresses but had not yet confirmed them.  Plaintiffs' counsel also informed the court that only one class member, Chester Parker, had opted out of the settlement and was thereby not a party to the action.  (Doc. 125-1.)  Plaintiffs' counsel represented that he knew of no other class member opposition to the settlement, nor has any class member notified the court of any objection.  Additionally, one class member, Michael Williams, was present at the fairness hearing and stated that he had received notice and he wished to file no objection to the settlement.

## II. DISCUSSION

Before consideration of whether to approve a class action settlement, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e).  The parties detailed the manner of class notice in their joint motion for settlement.  (Doc. 119 at 6.)  Based on the representations of counsel at the hearing and in the joint motion, the court finds that the efforts to notify the class members of the proposed settlement were reasonable, although they were not entirely successful.

The court may approve a proposed class action settlement "only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).  To determine whether a settlement is fair, reasonable, and adequate, a court must consider "the merits of the plaintiff's case, weighed against the terms of the settlement; the defendant's financial condition; the complexity and expense of further litigation; and the amount of opposition to the settlement." Van Horn v. Trickey, 840 F.2d 604, 607 (8th Cir. 1988).  Courts may rely on the judgment of experienced counsel on the merits of a class action settlement.  In re Uponor, Inc., F1807 Plumbing Fittings Products Liab. Litig., 2012 WL 2512750, *7 (D. Minn. 2012).  "Although in approving a settlement the district court need not undertake the type of detailed investigation that trying the case would involve, it must nevertheless provide the appellate court with a basis for determining that its decision rests on well-reasoned conclusions and not mere boilerplate." Van Horn, 840 F.2d at 607.

The financial terms of the proposed settlement are:

Under the proposed Agreement, Defendants shall pay a total sum of $75,000 (the "Settlement Payment"). The Total Settlement Sum is to be paid in two installments, as follows: (1) Fifty Thousand Dollars ($50,000) to be paid within ten (10) days of the Court's final approval of the settlement in this matter; and (2) the remaining Twenty Five Thousand Dollars ($25,000) to be paid within six (6) months of the Court's final approval of the settlement in this matter. Class Counsel shall receive 28% of this Settlement Payment, plus actual costs of litigation and settlement administration, before any other deductions. It is agreed that the Representative Plaintiffs, Class Members, and their counsel shall be

responsible for the payment of any and all federal, state, and local taxes which may become due in connection with such payment to them. Each of the two above-referenced payments shall be made in the form of a check made payable to the Representative Plaintiffs' counsel, the Maurice & Jane Sugar Law Center for Economic & Social Justice (hereinafter "the Sugar Law Center"), which shall be then be distributed by the Sugar Law Center to the Representative Plaintiffs and the Class Members in the appropriate amounts.

(Doc. 119-1 at 1-2.)

Plaintiffs' case has some merit as indicated by the court's denial of defendants' motion for summary judgment, although the court similarly denied plaintiffs' motion for summary judgment.   In the joint motion for settlement, the parties state that the settlement amount represents one-third of the maximum recoverable amount.  (Doc. 119 at 7-8.)   The parties explain that defendant Greenkote, IPC, no longer operates and dissolved in April 2009 and that defendant Greenkote Plc's financial condition prohibits a higher settlement amount.  (Id. at 18.)  The arguments in the memoranda filed with the motions for summary judgment and the court's denial due to material fact disputes illustrate the complexity that further litigation would present.  (Docs.  89,  91, 115.) Counsel for all parties reported to the court that of the 58 identified class members only one class member opted out.  (Docs. 119-2; 125-1.)  No other class member has opposed the proposed settlement.

After consideration of the relevant factors, the court finds and concludes that the proposed settlement agreement is fair, reasonable, and adequate.  Accordingly, the court approves the proposed settlement.   An appropriate Judgment Order is issued herewith.

            /S/   David D. Noce              
**UNITED STATES MAGISTRATE JUDGE**


Signed on May 6, 2013.

-4-